# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 4, 2019

```
* * * * * * * * * * * * * *
ARTHUR L. TROLLINGER,          *
                               *        No. 16-473V
            Petitioner,        *        Special Master Sanders
                               *
v.                             *
                               *
                               *        Interim Costs; Reasonable Basis;
SECRETARY OF HEALTH            *        Protracted Litigation
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * * *
```

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner
Kelly Heidrich, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM COSTS[1]

On November 12, 2018, Arthur Trollinger ("Petitioner") filed a motion for interim costs, requesting $10,231.89.  Pet'r's Mot. for Int. Costs, ECF No. 41.  On November 26, 2018, Respondent filed a response to Petitioner's motion in which Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., ECF No. 42.  Respondent indicated a desire for "the special master [to] exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.  Petitioner filed a reply brief on November 27, 2018, in which he stated, "[I] concur[] with Respondent's recommendation that [the undersigned should] exercise her discretion and determine a reasonable award for interim costs in this case."  Pet'r's Reply, ECF No. 43.  For the reasons stated below, the undersigned will award interim costs to Petitioner at this time.

## I.    Procedural History

This case was originally assigned to Special Master Hamilton-Fieldman.  *See* ECF No. 4. On April 14, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") "[a]s a direct and proximate result of the reaction to the pneumonia vaccine administered [to him] . . . on July 17, 2015[.]"  Petition at 3, ECF No. 1. At the time of filing and throughout the entirety of this case, Ms. Nancy R. Meyers has represented Petitioner.

Over the next two months, Petitioner filed thirteen exhibits in support of his petition and a statement of completion on June 28, 2016.  *See* Pet'r's Exs. 1–12, ECF Nos.1, 9-1, 9-2, 11-1; Pet'r's SOC, ECF No. 13.  Respondent filed his Rule 4(c) Report on October 3, 2016.  ECF No. 16.  Although he acknowledged that several of Petitioner's treating physicians temporally associated the pneumonia vaccination with the onset of Petitioner's GBS, Respondent nonetheless contended that "compensation [was] not appropriate in this case under the terms of the Vaccine Act."  ECF No. 16 at 1.

Special Master Hamilton-Fieldman held a Rule 5 Status Conference on October 7, 2016, where she "encouraged the parties to discuss a litigative risk settlement[.]"  ECF No. 17.  Over the next month, the parties attempted to negotiate a settlement but were ultimately unsuccessful.  *See* ECF Nos. 18–19.  On November 21, 2016, Special Master Hamilton-Fieldman set a schedule for the parties to submit expert reports.  *See* ECF No. 20.

This case was reassigned to the undersigned on January 12, 2017.  ECF No. 23.  Petitioner filed an expert report from Dr. Lawrence Steinman, M.D., and sixteen pieces of supporting medical literature on March 7, 2017.  Pet'r's Exs. 14–30, ECF Nos. 26–27.  On May 26, 2017, Respondent filed a responsive expert report from Dr. Timothy Vartanian, M.D., Ph.D., along with nine pieces of supporting medical literature.  Resp't's Ex. A–K, ECF Nos. 33–34.

Petitioner filed a supplemental responsive expert report from Dr. Steinman and two additional pieces of supporting medical literature on August 7, 2017.  Pet'r's Exs. 31–33, ECF No. 35.  Respondent filed a responsive supplemental expert report from Dr. Vartanian on October 27, 2017.  Resp't's Ex. L, ECF No. 38.  The parties have filed no further expert reports to date.

Chambers contacted the parties on October 30, 2017, to determine how they wished to proceed.  *See* Informal Comm., docketed Oct. 30, 2017.  The parties indicated that they wanted to discuss settlement one additional time.  However, the parties were unsuccessful and filed a joint status report on January 3, 2018, requesting a hearing.  ECF No. 39.  The undersigned issued an Order on January 4, 2018, stating that "[d]ue to the high volume of cases that are ready for entitlement hearings and the limited number of Special Masters, no further hearings will be scheduled until further notice. Chambers will reach out to the parties when hearing dates become available."  ECF No. 40.

This matter is now ripe for consideration.

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim costs is reasonable and appropriate in this case. Over two years have passed since Petitioner filed his petition. To date, Petitioner has submitted two expert reports and numerous exhibits in support of his petition. *See* Pet'r's Exs. 1–33. The parties also requested an entitlement hearing on January 3, 2018. ECF No. 39. However, due to a multitude of factors, many cases in the Program are not proceeding as quickly as they may have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued."); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Based on the number and nature of cases currently waiting for available hearing dates, a hearing will likely not be held in this case until October 2020 at the earliest. Petitioner's counsel has requested over $10,000 in costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III. Reasonable Costs

A special master can only award a request for litigation costs if it is reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $10,231.89 in costs. Pet'r Mot. for Int. Costs, ECF No. 41. This includes $318.25 for costs associated with obtaining medical records from providers, $400.00 for filing fees, and $13.64 for postage and photocopying costs. *Id.* at 1. The undersigned finds all of these costs to be reasonable

and awards them in full.

The remainder of Petitioner's requested costs are associated with Dr. Steinman's review of Petitioner's claim. Whether requested expert costs are reasonable is determined by using the same lodestar method as is used when calculating attorneys' fees. *Masias v. Sec'y of Health and Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009). The lodestar method involves a two-step analysis. *Avera*, 515 F.3d at 1348. First, a court makes an initial determination "by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48. Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

Dr. Steinman requests a rate of $500.00 per hour. Pet'r's Mot. for Int. Costs at 33, ECF No. 41. Dr. Steinman has previously been awarded this rate in the Program. *See, e.g.*, *Rolshoven v. Sec'y of Health and Human Servs.*, No. 14-439V, 2017 WL 5472577, at *4 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Tetlock v. Sec'y of Health and Human Servs.*, No. 10-056V, 2017 WL 5664257, at *7 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Pentcholov v. Sec'y of Health and Human Servs.*, No. 14-414V, 2016 WL 3197389, at *6 (Fed. Cl. Spec. Mstr. Apr. 29, 2016). Therefore, the undersigned finds Dr. Steinman's requested rate to be reasonable.

Dr. Steinman requests compensation for nineteen hours of work conducted on Petitioner's claim. Pet'r's Mot. for Int. Costs at 33, ECF No. 41. Dr. Steinman reviewed numerous exhibits and filed two expert reports in this case. The undersigned finds Dr. Steinman's hours expended to be reasonable. Therefore, the undersigned awards Petitioner the full amount requested for Dr. Steinman's work, $9,000.00.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned awards Ms. Myers $10,231.89 in interim costs. Accordingly, the undersigned awards the total of **$10,231.89** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Nancy R. Meyers, of Ward Black Law, P.A., for interim costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.